**FILED**
JEANNE A. NAUGHTON, CLERK
APR 29 2019
U.S. BANKRUPTCY COURT
NEWARK, N.J.
BY _____ DEPUTY

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| In Re:<br><br>**KEVIN MELLY,**<br><br>　　　　　　Debtor. | Case No.: 18-26036-RG<br>Chapter 13<br>Hon. John K. Sherwood, U.S.B.J. |

## DECISION AND ORDER
## REGARDING MOTION TO DISMISS,
## MOTION TO ENFORCE THE AUTOMATIC STAY
## AND CROSS-MOTION FOR RELIEF FROM THE AUTOMATIC STAY

The relief set forth on the following pages, numbered two (2) through fourteen (14), is hereby **ORDERED**.

_____
HONORABLE JOHN K. SHERWOOD
UNITED STATES BANKRUPTCY JUDGE

Dated:    April 29, 2019

Debtor:         Kevin Melly
Caption of Order:  **Decision and Order Regarding Motion to Dismiss, Motion to Enforce the Automatic Stay and Cross-Motion for Relief from the Automatic Stay**

## APPEARANCES:

**LAW OFFICE OF MICHAEL P. OTTO, LLP**
Michael P. Otto, Esq.
1030 Stelton Road
Suite 102
Piscataway, New Jersey  08854
*Counsel for Debtor*

**ULLMAN, FURHMAN & PLATT, P.C.**
Jeffrey D. Ullman, Esq.
89 Headquarters Plaza
12th Floor
Morristown, New Jersey  07960
*Counsel for Creditor*
*Chartwell Consulting Group, Inc.*

Debtor:         Kevin Melly
Caption of Order:  **Decision and Order Regarding Motion to Dismiss, Motion to Enforce the Automatic Stay and Cross-Motion for Relief from the Automatic Stay**

## MATTER BEFORE THE COURT

Before the Court is a Motion by Kevin Melly (the "Debtor") to enforce the automatic stay and for sanctions based on a willful violation of the stay by creditor Chartwell Consulting Group, Inc. ("Chartwell").[1] Generally, this Motion relates to pending state court litigation by Chartwell against the Debtor, his wife and a related LLC seeking to unwind a 2014 transfer of the Debtor's family home into a trust. Chartwell asserts that the transfer was a fraudulent conveyance. The Debtor argues that the state court litigation is subject to the automatic stay. Chartwell contends that it has not violated the automatic stay but, to address any doubt on this issue, it has filed a Cross-Motion for relief from the automatic stay.[2] Chartwell also filed a Motion to dismiss this Chapter 13 proceeding pursuant to 11 U.S.C § 1307(c) on the grounds of bad faith.[3] A hearing was conducted on October 29, 2018.[4] The Court reserved decision and submits the following findings of fact and conclusions of law with respect to the pending Motions.[5]

## PROCEDURAL AND FACTUAL BACKGROUND

On August 10, 2018, the Debtor filed his Chapter 13 case. Chartwell is listed as an unsecured creditor on Schedule F on the Debtor's bankruptcy petition with a claim in the amount of $210,490.98. Chartwell holds a judgment dated June 27, 2018 against the Debtor and his company, Melly Management, Inc. ("MMI").[6]

---

[1] ECF No. 20.
[2] ECF No. 32.
[3] ECF No. 15.
[4] See Transcript, ECF No. 56.
[5] The Motions were argued before Judge Gambardella who is on temporary leave. This decision is based on a review of the record. The parties were allowed to file supplemental written submissions by April 5, 2019. (See ECF Nos. 52-53).
[6] ECF No. 15, Ex. B.

Case 18-26036-RG    Doc 57    Filed 04/29/19    Entered 04/29/19 15:35:18    Desc Main
Document    Page 4 of 14

Page 4
Debtor:   Kevin Melly
Caption of Order: **Decision and Order Regarding Motion to Dismiss, Motion to Enforce the Automatic Stay and Cross-Motion for Relief from the Automatic Stay**

Chartwell also commenced a fraudulent transfer case on December 7, 2017 against the Debtor, his wife and Principia T, LLC in the Superior Court of New Jersey, Docket No. MRS-C-129-17, to set aside the April 2014 transfer of the Debtor and his wife's residence in Randolph, New Jersey to Principia T, LLC as a fraudulent conveyance (the "Fraudulent Transfer Case").[7] The Debtor claims that Chartwell has knowingly and willfully violated the automatic stay by continuing the Fraudulent Transfer Case after the filing of the bankruptcy proceeding.

Upon the filing of the bankruptcy, Chartwell's attorney wrote a letter to the Hon. Robert J. Brennan dated August 16, 2018 requesting that Judge Brennan remove the Debtor from the Fraudulent Transfer Case but continue the litigation against the non-debtor defendants because staying the entire proceeding would be both unfair and prejudicial to Chartwell.[8] On August 17, 2018, the State Court issued an Order dismissing the case against the Debtor but allowing the case to continue as to his wife and Principia T, LLC.[9] Because the Debtor believes that this Order was entered in violation of the automatic stay, he filed a Motion to enforce the automatic stay and to find a willful violation of the stay by Chartwell. The Debtor sought sanctions and recovery of his attorney's fees based on Chartwell's violation of the automatic stay, but this request has been withdrawn.[10]

Chartwell's Motion to dismiss the Debtor's case as a bad faith filing was filed shortly before the Debtor's Motion to enforce the stay. The Motion to dismiss was originally based on (i) the fact that Chartwell was the Debtor's only unsecured creditor, (ii) use of the bankruptcy

---

[7] ECF No. 15, Ex. C.
[8] ECF No. 20, Ex. B.
[9] ECF No. 15, Ex. N.
[10] ECF No. 20, ECF No. 56, at 77-78.

Case 18-26036-RG    Doc 57    Filed 04/29/19    Entered 04/29/19 15:35:18    Desc Main
Document      Page 5 of 14

**Page 5**
Debtor:         Kevin Melly
Caption of Order: **Decision and Order Regarding Motion to Dismiss, Motion to Enforce the Automatic Stay and Cross-Motion for Relief from the Automatic Stay**

proceeding to delay Chartwell's pursuit of the Fraudulent Transfer Case, (iii) the Debtor's alleged lack of financial distress and (iv) the Debtor's lack of candor with the Court concerning his assets.[11]

In a supplemental submission, Chartwell asserted that residential real estate located at 72 Morrell Street, New Brunswick, New Jersey (the "New Brunswick Property") was not disclosed in the Debtor's bankruptcy petition or schedules, nor in the discovery provided in the pending Fraudulent Transfer Case, despite requests for such disclosure.  The New Brunswick Property was transferred by the Debtor in April 2014 (more than four years before the filing of the Debtor's bankruptcy petition) to an entity called "Omnia T" which is owned and controlled by the Debtor's wife.[12]  In 2018, the New Brunswick Property had an assessed value, for local tax purposes, of $580,000.00.[13]  Chartwell claims that the Debtor has willfully and deliberately concealed the existence of this property.  After this matter was brought to the attention of Court, the Debtor amended his schedules to add the holder of the mortgage against the New Brunswick Property, Bank of New York Mellon, as a secured creditor.[14]

In another supplemental submission, Chartwell asserts that in December 2018, the Debtor transferred the business and assets of MMI to himself in an effort to frustrate Chartwell's collection efforts on its judgment against MMI.[15]  The Debtor admits that he shut down MMI in 2018, but states that MMI is a consulting business with no assets except a bank account that had been seized by Chartwell.  The Debtor asserted that he is currently conducting business as a sole proprietor

---

[11] ECF No. 15, Memorandum of Law in Support of Creditor's Motion to Dismiss.
[12] ECF No. 37, Exs. S and T.
[13] ECF No. 37, Ex. U.
[14] ECF No. 40.
[15] ECF No. 52.

Case 18-26036-RG    Doc 57    Filed 04/29/19    Entered 04/29/19 15:35:18    Desc Main
Document    Page 6 of 14

Page 6
Debtor:         Kevin Melly
Caption of Order: **Decision and Order Regarding Motion to Dismiss, Motion to Enforce the Automatic Stay and Cross-Motion for Relief from the Automatic Stay**

because Chartwell has made it clear that it intends to destroy the Debtor's business and his ability to earn income to support his family.[16]

As alternative relief, Chartwell has filed a Cross-Motion for relief from the automatic stay to allow it to continue to pursue the Fraudulent Transfer Case against the Debtor's wife and Principia T, LLC.[17] Though Chartwell argues that the automatic stay does not apply to the Debtor's wife and Principia T, LLC and the bankruptcy case should be dismissed entirely, its Cross-Motion presents the Court with an alternative remedy in the event it is not inclined to grant the Motion to dismiss. Chartwell claims that discovery in the case is complete and a summary judgment motion against the Debtor's wife and Principia T, LLC has been fully briefed and is ready to be decided by the State Court. Chartwell suggests that the Fraudulent Transfer Case is important litigation because the setting aside of the transfer of the Debtor's house to Principia T, LLC would generate another source of recovery for the Debtor's creditors.

**October 29, 2018 Hearing and Testimony**

On October 29, 2018, the Court conducted a hearing on the three pending motions.[18]

The Debtor testified that once judgment was entered against him in the State Court, he sought to negotiate payment of the Chartwell debt but was told by Chartwell that there was no interest in resolving the debt besides receiving a check for the full amount due. He also said that he sought a home equity line of credit and a personal loan to pay Chartwell without success. He claimed that Chartwell was seeking information about the Debtor's clients and was concerned that Chartwell may potentially sue them. He testified that he filed the bankruptcy as a last resort

---

[16] ECF No. 53, at ¶¶ 5-6.
[17] ECF No. 32.
[18] ECF No. 56.

Case 18-26036-RG    Doc 57    Filed 04/29/19    Entered 04/29/19 15:35:18    Desc Main
Document    Page 7 of 14

**Page 7**
Debtor: Kevin Melly
Caption of Order: **Decision and Order Regarding Motion to Dismiss, Motion to Enforce the Automatic Stay and Cross-Motion for Relief from the Automatic Stay**

because he could not pay the full amount of Chartwell's judgment and there were no other options. Debtor explained that he had two companies, Melleos Capital Management, Inc. and Melleos OnShore Fund, LLC, that were no longer in existence in 2018 due to poor market conditions and poor investments. This resulted in over a million-dollar loss that was disclosed in his tax returns. Debtor noted that the money in Debtor's consulting business, MMI, has fluctuated and has generally been on a decline since 2014.

In reference to the New Brunswick Property, the Debtor testified that the property was an investment property purchased twenty-five (25) years ago and was not listed on his bankruptcy petition because of an unintentional oversight. He explained that the oversight was due in part to the fact that Bank of New York Mellon, the holder of the mortgage against the New Brunswick Property, was also the holder of the mortgage against his family residence, and that mortgage claim was set forth in the Debtor's original petition. He claimed that he tried to rectify this mistake by filing amended schedules.[19]

The Debtor acknowledged that his residence was transferred to Principia T on April 17, 2014 and the New Brunswick Property was transferred four (4) days later to Omnia T (April 21, 2014).

The Debtor acknowledged that the filing of the petition was motivated, in part, to avoid the costs of litigation with Chartwell. During the hearing and through his submissions, the Debtor maintains that there is no prejudice to Chartwell as he intends to pay Chartwell in full through the Chapter 13 plan. The Debtor's plan filed on August 24, 2018 provides for full payment of his creditors (including Chartwell) over five years. The monthly payment amount is $3,963.00. Thus,

---

[19] ECF No. 40.

Case 18-26036-RG    Doc 57    Filed 04/29/19    Entered 04/29/19 15:35:18    Desc Main
Document    Page 8 of 14

**Page 8**
Debtor:           Kevin Melly
Caption of Order: **Decision and Order Regarding Motion to Dismiss, Motion to Enforce the Automatic Stay and Cross-Motion for Relief from the Automatic Stay**

as of April 2019, the Debtor should have paid $31,704.00 towards his plan and Debtor alleges that he is current with these payments.[20]

## LEGAL ANALYSIS

### 1. Debtor's Motion to Enforce the Stay

The Debtor asserts that Chartwell's claims in the Fraudulent Transfer Case are property of the estate and protected by the stay. He further claims that the sole purpose of the action is to recover a claim against him that arose before the commencement of this bankruptcy case.

Chartwell notes that by the Order of the Court in the Fraudulent Transfer Case, upon notice of the bankruptcy, all pending claims against the Debtor were dismissed, without prejudice, effective August 17, 2018 and thus there is no pending action against the Debtor. Chartwell relies on the bankruptcy principle that § 362 does not stay a creditor's right to assert claims against related non-debtor parties. Chartwell cites *In re Gronczewski*, 444 B.R. 526 (Bankr. E.D. Pa. 2011) where the Court noted, "the automatic stay is not available to non-bankrupt co-defendants of a debtor even if they are in a similar legal or factual nexus with the debtor."[21]

The Court disagrees with Chartwell on this point. A fraudulent conveyance claim is property of the estate and is protected by the automatic stay. Since this is a Chapter 13 case, we look to § 1306 of the Bankruptcy Code to determine what constitutes "property of the estate." Section 1306 incorporates § 541 of the Bankruptcy Code which universally defines property of the estate for all types of bankruptcy cases as including "all legal or equitable interests of the debtor in property as of the commencement of the case."

---

[20] ECF No. 53, at 5.
[21] *Id.* at 530 (*citing*, *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d. 1194, 1205 (3d Cir. 1991)).

Case 18-26036-RG   Doc 57   Filed 04/29/19   Entered 04/29/19 15:35:18   Desc Main
Document   Page 9 of 14

Page 9
Debtor:        Kevin Melly
Caption of Order: **Decision and Order Regarding Motion to Dismiss, Motion to Enforce the Automatic Stay and Cross-Motion for Relief from the Automatic Stay**

In Chapter 13 cases, case law suggests that avoidance actions can be brought by either the debtor or the Chapter 13 trustee.[22] Under § 544(b), state law fraudulent conveyance claims can be brought on behalf of the bankruptcy estate for the benefit of all creditors. Thus, it is well established that these claims are property of the estate which (with rare exceptions) can only be prosecuted by a trustee.[23] It is worth noting that the New Jersey Supreme Court supports this view.[24] The Court holds that Chartwell's pursuit of the Fraudulent Transfer Case after this bankruptcy case was filed was a violation of the automatic stay even though the Debtor was removed as a defendant. But, in October 2018, the State Court stayed the Fraudulent Transfer Case entirely to see how this Court would resolve the Motions now being decided. Thus, any prejudice or damage to the bankruptcy estate has been minimal at best. And, the Debtor has withdrawn its request for damages based on Chartwell's stay violation.

## 2. **Chartwell's Cross-Motion for Relief from the Automatic Stay**

The Court next considers Chartwell's Cross-Motion for relief from the automatic stay as to the non-debtor parties, the Debtor's wife and Principia T, LLC. Chartwell contends that the advanced status of the Fraudulent Transfer Case and its proximity to final resolution weigh in favor of granting relief from the stay to allow a resolution to occur. Chartwell relies on *In re Chan*, 355 B.R. 494 (Bankr. E.D. Pa. 2006), which denied a creditor's motion for stay relief to pursue litigation against a debtor, but recognized in its analysis:

> There may be cases...in which additional circumstances exist that render it appropriate for the non-bankruptcy court to be the primary forum for litigation of the parties' issues...For example, if the

---

[22] See *In re Hanson*, 332 B.R. 8 (B.A.P. 10th Cir. 2005); *In re Jackson*, 317 B.R. 573 (Bankr. D. Mass. 2004).
[23] *In re C&D Jones & Co., Inc.*, 482 B.R. 449, 455-56 (Bankr. N.D. Fla. 2012); *See also In re Emoral, Inc.*, 740 F.3d 875, 879 (3d Cir. 2014) ("where a claim . . . can be brought by any creditor of the debtor, the trustee is the proper person to assert the claim.")
[24] *MotorWorld, Inc. v. Bechendorf*, 156 A.3d 1061, 1069 (N.J. 2017).

Case 18-26036-RG Doc 57 Filed 04/29/19 Entered 04/29/19 15:35:18 Desc Main
Document Page 10 of 14

**Page 10**
Debtor: Kevin Melly
Caption of Order: **Decision and Order Regarding Motion to Dismiss, Motion to Enforce the Automatic Stay and Cross-Motion for Relief from the Automatic Stay**

> proceedings have been pending in the nonbankruptcy forum for a substantial period and are ready for trial in the non-bankruptcy forum, it may be appropriate to grant relief from the automatic stay to permit the litigation in the non-bankruptcy forum to be concluded. Similarly, where there are multiple parties involved in the non-bankruptcy litigation, considerations of judicial economy may support the return of the litigation to the non-bankruptcy forum. In both of these situations, the bankruptcy court may exercise its discretion to grant relief from the automatic stay while simultaneously imposing appropriate conditions to prevent prejudice to the bankruptcy estate or the debtor until the remaining bankruptcy issues are resolved by the bankruptcy court.

*Id.* at 501.

The Fraudulent Transfer Case was commenced in December 2017. The pleadings are complete and discovery has been closed. Chartwell has moved for partial summary judgment. The Debtor's wife and Principia T, LLC have filed their opposition. All that remains is argument on the motion, its disposition and, if necessary, the trial of the action. Chartwell submits the case involves "multiple parties" – Mrs. Melly and Principia T, LLC – who are not participants in the bankruptcy proceedings. And, the Chapter 13 Trustee has expressed no interest in pursuing the fraudulent transfer claim.

> Section 362 of the Bankruptcy Code states in relevant part:
> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

The Bankruptcy Code does not define the term "for cause," leaving courts to "consider what constitutes cause based on the totality of the circumstances in each particular case." The term

Case 18-26036-RG   Doc 57   Filed 04/29/19   Entered 04/29/19 15:35:18   Desc Main
Document   Page 11 of 14

Page 11
Debtor: Kevin Melly
Caption of Order: **Decision and Order Regarding Motion to Dismiss, Motion to Enforce the Automatic Stay and Cross-Motion for Relief from the Automatic Stay**

"cause" is viewed by many courts as a "broad and flexible concept" and a bankruptcy court is granted wide discretion to determine whether to lift the automatic stay for cause.[25]

Exercising this discretion, this Court is guided by the decisions in *In re Chan* and *In re Gronczewski*. In *Gronczewski*, the Court concluded that a creditor's right to pursue fraudulent conveyance claims in state court ultimately depended on whether the Chapter 7 trustee had any interest in pursuing such claims on behalf of the estate and its creditors.[26]

The Court concludes that stay relief should be granted to Chartwell to pursue the Fraudulent Transfer Case to judgment in the State Court. Enforcement of the judgment (if Chartwell prevails) shall be stayed pending further order of this Court. This decision is based on the progress of the Fraudulent Transfer Case as well as the fact that no other representative of the estate has expressed an interest in pursuing these claims against the Debtor's wife or the LLC. The Court is mindful of the Debtor's concern over the legal fees that his family will incur defending the Fraudulent Conveyance Action. But the record reflects that the Debtor's ability to make his Chapter 13 plan payments is uncertain, at least as of now. The Debtor has testified that his business has suffered losses, that he has been living off of savings and that he only has a few thousand dollars in the bank. Though we all should hope that the Debtor can fulfill his plan commitments, there is no guarantee that this will occur. Thus, Chartwell should not be prevented from pursuing another source of recovery on its claim. If Chartwell is awarded a judgment in the Fraudulent Transfer Case, the Bankruptcy Court can consider the status of the Debtor's plan payments to Chartwell[27] and determine whether the judgment should be enforced.

---

[25] *In re Mid-Atlantic Handling Systems, LLC*, 304 B.R. 111, 129-30 (Bankr. N.J. 2003).
[26] *Gronczewski*, 444 B.R. at 534.
[27] Assuming the Debtor confirms his Chapter 13 plan.

Case 18-26036-RG    Doc 57    Filed 04/29/19    Entered 04/29/19 15:35:18    Desc Main
Document    Page 12 of 14

**Page 12**
Debtor:           Kevin Melly
Caption of Order: **Decision and Order Regarding Motion to Dismiss, Motion to Enforce the Automatic Stay and Cross-Motion for Relief from the Automatic Stay**

### 3. Chartwell's Motion to Dismiss

Chartwell asks the Court to consider the totality of the circumstances and determine that "cause" exists to dismiss this Chapter 13 case under 11 U.S.C. § 1307(c). Chartwell claims that the Debtor is before the Court with the dishonest purpose of evading his liability to Chartwell.

Bad faith was addressed by Judge Gambardella in *In re Nelson*, 66 B.R. 231 (Bankr. N.J. 1986), where the Court noted:

> Instances which constitute "badges of bad faith" that are relevant to the instant proceeding include: (1) the only assets transferred to the debtor are in imminent and substantial danger of loss by foreclosure sale; (2) the only significant creditors are the creditors seeking foreclosure; (3) the filing of the case was not precipitated by, nor related to, other creditor pressure, and; (4) there are substantially no unsecured creditors.

*Id.* at 235; citing *Duggan v. Highland-First Ave. Corp.,* 25 B.R. 955 (Bankr. C.D. Cal. 1982). Chartwell argues that these factors are present here and warrant dismissal of the Debtor's Chapter 13 case.

Chartwell also claims that bankruptcy is intended for the benefit of the honest but unfortunate debtor and that Chapter 13 was designed to enable a financially stressed individual debtor with a regular income to obtain adjustment of debts.[28] Chartwell submits that the Debtor has compiled substantial wealth, having assets valued between $1.1 and $1.5 million against debts of only about $400,000.00, leaving a disclosed net worth of over $1 million. In addition, Chartwell maintains that Debtor has modest secured obligations, all of which are current, and has no unsecured debt other than the Chartwell judgment.[29]

---

[28] *In re Hammonds,* 139 BR. 535, 543 (Bankr. D. Colo. 1992)
[29] ECF No. 9.

Case 18-26036-RG    Doc 57    Filed 04/29/19    Entered 04/29/19 15:35:18    Desc Main
Document    Page 13 of 14

**Page 13**
Debtor:         Kevin Melly
Caption of Order:  **Decision and Order Regarding Motion to Dismiss, Motion to Enforce the Automatic Stay and Cross-Motion for Relief from the Automatic Stay**

The Debtor responds that the factors determining bad faith are not applicable here. Though the petition was filed less than one month after Chartwell's judgment was entered against the Debtor, this was only after Chartwell rejected his attempts to arrange a payment plan for paying the debt in full. The Debtor claims that he looked at other avenues to pay the debt and when those avenues were not viable, he had no other option but to file bankruptcy.

The Debtor claims that his motive for filing the petition was to arrange for the orderly payment in full of Chartwell's claim. Chartwell was aggressively attempting to collect the judgment debt and was pursuing several different avenues including collection activities against the Debtor and MMI, and the Fraudulent Transfer Case. These actions caused financial distress.

When considering dismissal of a Chapter 13 case for bad faith, the Court should consider the following factors: (1) whether the debtor misrepresented facts in his petition or plan, unfairly manipulated the Bankruptcy Code, or otherwise filed his petition or plan in an inequitable manner, (2) the debtor's history of filings and dismissals, (3) whether the debtor intended to defeat state court litigation, and (4) whether egregious behavior is present.[30] Here, Chartwell's arguments concerning the Debtor's net worth, living accommodations, litigation strategy and omissions from the Debtor's petition and schedules support dismissal of this case on bad faith grounds. On the other hand, the Debtor maintains that this case was filed only because Chartwell would not provide him with any repayment terms on its judgment (which he intends to pay in full over time in this Chapter 13 case). The Debtor also claims that he filed bankruptcy in order to obtain relief from Chartwell's aggressive collection techniques. Based on the Court's review of the record, it does not appear that the Debtor has access to liquid assets other than his future earnings. Essentially,

---

[30] *See In re Ellsworth*, 455 B.R. 904, 917-18 (9th Cir. BAP 2011).

Case 18-26036-RG    Doc 57    Filed 04/29/19    Entered 04/29/19 15:35:18    Desc Main
Document      Page 14 of 14

**Page 14**
Debtor: Kevin Melly
Caption of Order: **Decision and Order Regarding Motion to Dismiss, Motion to Enforce the Automatic Stay and Cross-Motion for Relief from the Automatic Stay**

the Debtor wants to use this bankruptcy case to arrange for payment of the Chartwell judgment over time from his earnings as opposed to liquidating his home and/or the New Brunswick Property. In light of the Debtor's business setbacks, the Court is not yet convinced that he has the financial wherewithal to make his plan payments.

Though this is a very close call, the Court is not inclined to dismiss the case at this time. The Debtor is making plan payments and is proceeding towards confirmation. If the Debtor is serious about paying off the Chartwell judgment in full, there are ways to better protect Chartwell under the Chapter 13 plan (or outside the plan) that the Debtor may want to consider. The Court will revisit the Debtor's good faith in the context of confirmation of the Chapter 13 plan. Chartwell's rights to oppose the Chapter 13 plan on bad faith or any other grounds are fully preserved.

## CONCLUSION

For the foregoing reasons, the Court denies Chartwell's Motion to dismiss without prejudice to Chartwell's rights to oppose confirmation of the Debtor's Chapter 13 plan on any grounds. The Debtor's Motion to enforce the stay is granted in part but this has no practical significance since Chartwell's Cross-Motion for relief from the stay is granted. The Fraudulent Transfer Case can proceed in State Court through the entry of judgment. If judgment is entered in favor of Chartwell, the Court will determine at that time whether the judgment can be enforced.