

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW JERSEY**

| In Re: | Case No.: 18-26036 (RG) |
|---|---|
| **KEVIN MELLY,** | Chapter 13 |
| Debtor. | Judge: Hon. John K. Sherwood |

**DECISION AND ORDER REGARDING CHARTWELL'S CLAIMS**
**FOR POST-PETITION INTEREST AND ATTORNEY FEES**

The relief set forth on the following pages, numbered two (2) through ten (10), is hereby **ORDERED**.

_____
HONORABLE JOHN K. SHERWOOD
UNITED STATES BANKRUPTCY JUDGE

Dated:  May 22, 2020

Case 18-26036-RG    Doc 104    Filed 05/22/20    Entered 05/22/20 15:59:36    Desc Main
Document      Page 2 of 10

Page 2
Debtor: Kevin Melly
Case No.: 18-26036 (RG)
Caption of Order: Decision and Order Regarding Chartwell's Claims For Post-Petition Interest and Attorney Fees

## PRELIMINARY STATEMENT

The issues before the Court arise from a 2014 transfer of real property located at 72 Morrell Street, New Brunswick, New Jersey (the "Property") by Kevin Melly (the "Debtor") to an entity owned by his wife. The transfer was attacked as a fraudulent transfer by a creditor, Chartwell Consulting Group, Inc. ("Chartwell"), in state court.  In a Decision and Order issued on April 29, 2019, the Court held that the fraudulent transfer action commenced by Chartwell in state court was property of the Debtor's bankruptcy estate but granted Chartwell relief from the automatic stay to pursue the action up to judgment.[1]  Before the state court could render a judgment, the Debtor filed a motion to sell the Property for an amount that was more than enough to pay Chartwell's claim in full. The Debtor and the defendants in the state court action agreed to pay Chartwell from the proceeds without further litigation. Chartwell and the Debtor disagree on whether Chartwell is entitled to add post-petition interest and its attorney fees arising from the state court litigation to its claim.  The Court granted the motion to sell and reserved on the issue of post-petition interest and attorney fees.[2]

For the reasons set forth below, the Court finds that (a) Chartwell is entitled to post-petition interest on its unsecured claim at the federal judgment rate and (b) Chartwell is entitled to an award for attorney fees incurred pursuing the fraudulent transfer case after the Court granted stay relief.

## STATEMENT OF FACTS

1. On August 10, 2018, the Debtor filed for relief under Chapter 13 of Title 11 of the United States Code.  On August 24, 2018, the Debtor filed his Chapter 13 plan.[3]  In the months that

---

[1] ECF No. 57.
[2] ECF No. 95.
[3] ECF No. 11.

Case 18-26036-RG    Doc 104    Filed 05/22/20    Entered 05/22/20 15:59:36    Desc Main
Document    Page 3 of 10

Page 3
Debtor: Kevin Melly
Case No.: 18-26036 (RG)
Caption of Order: Decision and Order Regarding Chartwell's Claims For Post-Petition Interest and Attorney Fees

followed, Chartwell filed a motion to dismiss the bankruptcy case as a bad faith filing and the Debtor filed a motion to enforce the automatic stay. The Court's decision on these motions was entered on April 29, 2019[4] and provided:

A. that Chartwell violated the automatic stay when it continued its pursuit of a state court fraudulent transfer case against the Debtor's wife and Principia T, LLC in the Superior Court of New Jersey (the "<u>Fraudulent Transfer Case</u>") because the action was property of the Debtor's estate. However, there was no prejudice to the estate and the Debtor withdrew his request for damages;[5]

B. that Chartwell's motion for stay relief would be granted in part so that Chartwell could pursue the Fraudulent Transfer Case to judgment in the Superior Court of New Jersey;[6] and

C. that Chartwell's motion to dismiss the case was denied.[7]

2. On June 19, 2019, the parties engaged in settlement discussions regarding the Fraudulent Transfer Case. It appeared that the parties reached a global settlement after an off-the-record settlement discussion. However, the parties did not submit a consent order memorializing the settlement terms. On August 5, 2019, Chartwell filed a letter explaining why no such consent order had been submitted.[8] On September 16, 2019, the Debtor filed a status report detailing

---

[4] ECF No. 57. It is important to note that the Property was not disclosed by the Debtor because it was transferred by the Debtor to an LLC owned and controlled by his wife in April of 2014. The Debtor's obligation in relation to the Property came to light when Bank of New York filed Claim 3-1. It was not until Chartwell brought the existence of the Property to the Court's attention that the Debtor amended his schedules to include his liability arising from the mortgage against the Property. ECF No. 40. Chartwell then added a claim based on this transfer in the Fraudulent Transfer Case.
[5] ECF No. 57 at 9.
[6] *Id*. at 11.
[7] *Id*. at 14.
[8] ECF No. 60.

Case 18-26036-RG    Doc 104    Filed 05/22/20    Entered 05/22/20 15:59:36    Desc Main
Document    Page 4 of 10

Page 4
Debtor: Kevin Melly
Case No.: 18-26036 (RG)
Caption of Order: Decision and Order Regarding Chartwell's Claims For Post-Petition Interest and Attorney Fees

his view of the status of the case.[9] It is clear from these pleadings that the parties could not reach an agreement about the details of the proposed settlement.

3. On September 18, 2019, the Court held a confirmation hearing. The next day, the Court entered an interim order, which, among other things, ordered the Debtor to file a motion to enforce the settlement within thirty (30) days.[10] The motion to compel settlement was filed on November 10, 2019.[11] On December 5, 2019, Chartwell filed a cross-motion seeking either the enforcement of the disputed settlement or dismissal of the case for bad faith.[12] These motions, like the letters filed with the Court beforehand, indicate that the parties were unwilling and unable to agree to specific settlement terms.

4. On February 28, 2020, the Debtor filed a motion to sell the Property and an application to have the matter heard on shortened time.[13] The Debtor sought the Court's approval of the sale despite title to the Property being held by a third-party LLC based on the Court's earlier decision that the Fraudulent Transfer Case was property of the Debtor's estate. The Debtor also sought to have Chartwell's claim set at $211,889.45, which was the original amount listed in Chartwell's proof of claim.[14] It is the Debtor's position that Chartwell's claim should not include post-petition interest because Chartwell is a nonpriority unsecured creditor in this case.

5. On March 16, 2020, Chartwell filed its response to the motion to sell the Property.[15] Chartwell objected to the motion to sell the Property on the grounds that "the Debtor does not own the property which he now seeks permission to sell." Chartwell also took issue with the timing of

---

[9] ECF No. 62.
[10] ECF No. 65.
[11] ECF No. 71.
[12] ECF No. 72.
[13] ECF Nos. 86 and 87.
[14] Claim 3-1.
[15] ECF Nos. 91 and 92.

Case 18-26036-RG    Doc 104    Filed 05/22/20    Entered 05/22/20 15:59:36    Desc Main
Document      Page 5 of 10

Page 5
Debtor: Kevin Melly
Case No.: 18-26036 (RG)
Caption of Order: Decision and Order Regarding Chartwell's Claims For Post-Petition Interest and Attorney Fees

the proposed sale, as the Fraudulent Transfer Case was "on the cusp of trial." In regard to the Debtor's request to have the Chartwell claim set at $211,889.45, Chartwell argues that such an estimation will deprive Chartwell of its right to collect the full amount it would be entitled to if the Fraudulent Transfer Case was reduced to judgment. It is Chartwell's position that it should be allowed to collect on the post-judgment interest it is entitled to under New Jersey law, the full $230,287.20 listed in its amended claim plus any further interest that has accrued.[16] Chartwell also argued that it was entitled to recover its attorney fees.

6. On March 19, 2020, after oral argument was held, the Court granted the Debtor's motion to sell the Property.[17] The Order authorizing the sale directed the proceeds of the sale to first be applied to satisfying the mortgage against the Property and the undisputed amount of Chartwell's pre-petition claim with the remaining proceeds to be held in escrow by Debtor's counsel.

7. The Court reserved on the issues of attorney fees and interest and gave the parties ten (10) days to file supplemental pleadings.

8. On March 29, 2020, Chartwell filed its supplemental pleading arguing that it is entitled to (a) post-petition interest and (b) attorney fees.[18] Chartwell's position relies on the argument that it would be entitled to interest and attorney fees under New Jersey law and allowing the Debtor to limit Chartwell's claims would be inequitable.

---

[16] Claim 3-2.
[17] ECF No. 95.
[18] ECF No. 98.

Case 18-26036-RG    Doc 104    Filed 05/22/20    Entered 05/22/20 15:59:36    Desc Main
Document    Page 6 of 10

Page 6
Debtor: Kevin Melly
Case No.: 18-26036 (RG)
Caption of Order: Decision and Order Regarding Chartwell's Claims For Post-Petition Interest and Attorney Fees

9. The next day, the Debtor filed his supplemental pleading.[19] This matter is now ready for a decision.[20]

## ANALYSIS

**I. Chartwell Is Entitled To Post-Petition Interest On Its Unsecured Claim.**

The Court has jurisdiction to decide the issue of post-petition interest in this case as it "arises under" the Debtor's bankruptcy case. The Third Circuit has held that bankruptcy courts have jurisdiction to determine "proceedings affecting . . . the adjustment of the debtor-creditor . . . relationship."[21] Here, Chartwell is asserting a claim against the proceeds of the Fraudulent Transfer Case that this Court previously determined to be property of the Debtor's estate.[22] As a practical matter, the Fraudulent Transfer Case was resolved by the sale of the transferred Property and the proceeds are being used to satisfy claims of the Debtor's creditors. Thus, the Court has jurisdiction over the determination of whether Chartwell is entitled to post-petition interest on its claim against the Debtor.

Generally, 11 U.S.C. § 502(b)(2) bars the allowance of unsecured claims against a debtor's estate "to the extent that . . . such claim is for unmatured interest[.]" The Supreme Court has held that "[t]he basic reasons for the rule denying post-petition interest as a claim against the bankruptcy estate are the avoidance of unfairness as between competing creditors and the avoidance of administrative inconvenience."[23] However, where the policy considerations supporting § 502(b)(2) are not implicated, some courts have found that there are exceptions to the prohibition

---

[19] ECF No. 99.
[20] On April 24, 2020, the Court entered an Amended Sale Order (ECF No. 100), which included additional language requested by the Debtor.
[21] *In re Resorts Int'l., Inc.*, 372 F.3d 154, 162 (3d Cir. 2004).
[22] ECF No. 57.
[23] *Bruning v. United States*, 376 U.S. 358, 362 (1964).

Case 18-26036-RG    Doc 104    Filed 05/22/20    Entered 05/22/20 15:59:36    Desc Main
Document    Page 7 of 10

Page 7
Debtor: Kevin Melly
Case No.: 18-26036 (RG)
Caption of Order: Decision and Order Regarding Chartwell's Claims For Post-Petition Interest and Attorney Fees

on the collection of post-petition interest.[24] As noted by the court in *In re Washington Group,* "fairness among creditors is only a concern when the estate is insolvent, and the creditors would be paid interest out of the estate, thereby reducing the recovery of certain creditors with low interest rate debts compared to creditors with high interest rate debts."[25] Chartwell also contends that there can be no administrative inconvenience stemming from the calculation of interest where a third party is paying the post-petition interest.[26] However, the Court disagrees with Chartwell on this point because it considers the recovery in the Fraudulent Transfer Case to be estate property, not recovery from a third party who is jointly liable with the Debtor. Nevertheless, this is a unique case involving a "solvent debtor" dealing with the claims of his mortgage lender and Chartwell. The disallowance of post-petition interest otherwise due to Chartwell would provide a windfall to the Debtor based solely on the fact that he filed bankruptcy. Chartwell is entitled to post-petition interest on its claim.

The Debtor argues that Chartwell should be limited to the federal judgment rate of interest from the petition date. In so arguing, the Debtor cites § 726(a)(5) of the Bankruptcy Code which provides that where a debtor is solvent, unsecured creditors are entitled to interest at the "legal rate."[27] The Court agrees with the decisions that conclude that the federal judgment rate of interest should apply in bankruptcy cases as opposed to the rate established by contract or state law. But these cases rely on the interests of fairness among creditors and administrative efficiency.[28] As set forth above, these interests are not relevant in this case and thus application of the federal

---

[24] *See e.g. In re Wash. Group Int'l, Inc.*, 460 B.R. 280, 285 (Bankr. D. Nev. 2011).
[25] *Id*. at 285.
[26] *Id*. at 286-87.
[27] ECF No. 99-8 at 4.
[28] *In re Cardelucci*, 285 F.3d 1231, 1234 (9th Cir. 2002); *In re Hoskins*, 405 B.R. 576, 587 (Bankr. N.D.W.V. 2009); *In re Cook*, 322 B.R. 336, 338-40 (Bankr. N.D. Ohio 2005).

Case 18-26036-RG    Doc 104    Filed 05/22/20    Entered 05/22/20 15:59:36    Desc Main
Document    Page 8 of 10

Page 8
Debtor: Kevin Melly
Case No.: 18-26036 (RG)
Caption of Order: Decision and Order Regarding Chartwell's Claims For Post-Petition Interest and Attorney Fees

judgment interest rate will provide the Debtor with a discount on the rate that he does not deserve. Even so, as the Court in *In re Cardelucci* noted, "interest at the legal rate is a statutory term with a definitive meaning that cannot shift depending on the interests invoked by the specific factual circumstances before the court."[29] Here, Chartwell's claim is being paid by the Debtor's estate and federal principles on the payment of post-petition interest must apply. Thus, the Court finds that Chartwell is entitled to interest at the federal judgment interest rate for the post-petition period.

## II. At Least Some Of Chartwell's Attorney Fees Must Be Paid From The Proceeds Of The Sale.

The parties also disagree whether Chartwell is entitled to be paid its attorney fees from the proceeds of the sale. Chartwell contends it should be allowed to continue the Fraudulent Transfer Case so that the state court may decide whether it is entitled to attorney fees and the liability of the remaining named defendants for such fees. The Court does not think this issue should go back to the state court for several reasons. First and foremost, Chartwell is seeking to recover these fees from property of the estate. Again, in the Court's April 29, 2019 decision, it held that the Fraudulent Transfer Case was property of the Debtor's estate. Chartwell was granted limited authority to pursue the action for the benefit of the estate because the Debtor was obviously conflicted and the Chapter 13 Trustee had not elected to pursue it. Essentially, the Court "deputized" Chartwell as the estate representative to pursue the Fraudulent Transfer Case. Chartwell did so and prevailed when the Debtor proposed to sell the Property and pay Chartwell in full from the proceeds. Second, the Court is puzzled by Chartwell's desire to continue to litigate with the non-debtor defendants in state court. Chartwell has won. Indeed, it will get paid in full

---

[29] *In re Cardelucci*, 285 F.3d at 1236.

Case 18-26036-RG    Doc 104    Filed 05/22/20    Entered 05/22/20 15:59:36    Desc Main
Document    Page 9 of 10

Page 9
Debtor: Kevin Melly
Case No.: 18-26036 (RG)
Caption of Order: Decision and Order Regarding Chartwell's Claims For Post-Petition Interest and Attorney Fees

with interest from the sale proceeds as set forth above and this Court has jurisdiction to decide the attorney fee issue. There is no legitimate reason to burden the state court with this case any longer.

Because the Fraudulent Transfer Case is property of the estate that Chartwell could only pursue with this Court's permission, the allowance of Chartwell's attorney fees is for this Court to decide. There is no doubt that Chartwell's reasonable fees and expenses incurred in the Fraudulent Transfer Case after it was granted stay relief to continue with the action should be paid. In most bankruptcy cases, fraudulent transfer claims are pursued by debtors or trustees and their counsel fees are paid as administrative claims. Here, because of the unique circumstances, Chartwell's counsel was authorized to play the role of counsel to the debtor/trustee. Counsel was successful in that role—bringing the proceeds of the Property back into the bankruptcy estate for payment in full of the mortgagee and his own client. Chartwell's counsel did the "heavy lifting" for the estate and should be compensated by the estate for those efforts from the sale proceeds.

Counsel to Chartwell is directed to submit a detailed application for fees and expenses that substantially complies with District of New Jersey Local Bankruptcy Rule 2016. The Debtor's right to object to the fees and expenses is preserved. As set forth above, the Court believes that all reasonable fees and expenses incurred in the Fraudulent Transfer Case after April 29, 2019 should be approved. To the extent that Chartwell's counsel seeks fees and expenses for other periods, those should be set forth separately and counsel should set forth the legal basis for allowance. Without prejudging such claims, the Court offers the following for guidance –

- Fees from the petition date (8/10/18) to the date that stay relief was granted (4/29/19) in the Fraudulent Conveyance Case were incurred in pursuit of litigation

Case 18-26036-RG    Doc 104    Filed 05/22/20    Entered 05/22/20 15:59:36    Desc Main
Document    Page 10 of 10

Page 10
Debtor: Kevin Melly
Case No.: 18-26036 (RG)
Caption of Order: Decision and Order Regarding Chartwell's Claims For Post-Petition Interest and Attorney Fees

in violation of the automatic stay.[30] Though the violation of the stay was not necessarily bad faith, the Court will find it difficult to approve fees incurred during this period.

- For pre-petition fees and expenses, the "American Rule" provides that litigants bear their own legal expenses. To the extent that the "third-party exception" applies under New Jersey law, counsel should consider separating pre-petition fees and expenses that relate to tortious or fraudulent transfers from ordinary collection efforts.[31]

- Obviously, the Debtor and Chartwell should consider agreement on a number for reasonable fees and expenses.

## **CONCLUSION**

For the reasons set forth above, the Court grants Chartwell's motion seeking post-petition interest on its claim in part. Its claim should include post-petition interest at the federal judgment rate. Chartwell's motion seeking reimbursement of attorney fees is also granted to the extent set forth above. Chartwell shall file an application for compensation or reimbursement pursuant to Local Bankruptcy Rule 2016. The Debtor's rights to object to the amounts included in Chartwell's application are fully reserved.

---

[30] *See* ECF No. 57 at 9.
[31] *DiMisa v. Acquaviva*, 198 N.J. 547, 553-54 (2009).